IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA                                        PLAINTIFF

vs.                                    CASE NO. **4:04CR00235GH**

RON ANTONIO JONES                                              DEFENDANT

## ORDER

On October 3, 2005, defendant entered a nolo contendere plea to Count 1 of the Indictment, that is being a felon in possession of a firearm. Sentencing was set for March 24, 2006. At the beginning of the sentencing hearing, defendant expressed dissatisfaction with his counsel, and counsel asked to be relieved. The Court granted counsel's request to be relieved to allow defendant to obtain new counsel. Sentencing was postponed. Pursuant to defendant's request, the Court appointed new counsel who has filed on defendant's behalf a motion to withdraw the plea of nolo contendere and a motion to suppress the search.

Defendant argues that the search of his vehicle violated his Fourth Amendment rights. He seeks to withdraw his plea so that he can prosecute his motion to suppress.

A court may allow a defendant to withdraw his plea prior to sentencing if "defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). Defendant does not have an automatic right to withdraw, and the burden is on him to establish a justification for withdrawal. "Factors to consider in determining whether to set aside a plea of guilty include whether the defendant has demonstrated a fair and just reason; whether the defendant has asserted his innocence; the length of time between the guilty plea and the motion to withdraw; and whether the government would be prejudiced." *United States v. Embrey*, 250 F.3d 1181, 1181 (8th Cir. 2001).

-1-

The Court is not persuaded that plaintiff's desire to prosecute a motion to suppress is a fair and just reason.  Defendant must do more than desire to contest the search; he must at least demonstrate that his position has merit.  According to the government's rendition of the facts at the plea hearing, to which defendant did not object,  defendant was stopped by officers who found that he had been driving without a driver's license.  Defendant was arrested and the vehicle was searched incident to the arrest.  Defendant has not demonstrated how the search violated his Fourth Amendment rights.

Defendant has not asserted his innocence.  At the plea hearing he agreed that the government could prove the facts as stated and that he was guilty to the charge against him.

The Court is further persuaded that the length of time between the nolo contendere plea and the motion to withdraw does not weigh in defendant's favor.  Defendant pled in October, 2005.  At sentencing, more than five months later, he voiced his desire to withdraw his plea.  Defendant has previously expressed dissatisfaction with his court-appointed counsel.   The Court appointed new counsel for defendant, who was subsequently relieved.  Defendant is now on his third court-appointed counsel.   The Court is of the opinion that defendant's desire to withdraw his plea is a delay tactic.  As the government states, it would be prejudiced by allowing defendant to withdraw his plea at this late date.    Defendant was indicted in October, 2004; the government contends that it would be extremely difficult to local certain material witnesses it needs.

Accordingly, the motion with withdraw the nolo contendere plea is denied; the motion to suppress is denied.

IT IS SO ORDERED this 26th day of May, 2006.

_____
UNITED STATES DISTRICT JUDGE

-2-